IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FLOR CABALLERO,<br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITION TO VACATE UNDER 28 U.S.C. § 2255 AND DENYING MOTION FOR CREDIT FOR TIME SERVED<br><br>Case No. 2:03-CV-58 TS<br>Criminal Case No. 2:99-CR-400 TS |

## I. INTRODUCTION

This matter is before the Court on Flor Caballero's Petition to Vacate Under 28 U.S.C. § 2255 alleging that she was denied effective assistance of counsel. The Court, having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, will deny Petitioner's § 2255 Motion, because she has not shown ineffective assistance of counsel. The Court also denies Petitioner's Motion for Time Served.

## II. BACKGROUND

On July 21, 1999, Petitioner Flor Caballero, and her husband Leonardo Caballero, were indicted in the underlying criminal case[1] on multiple counts of conspiracy, mail fraud, wire fraud and interstate transportation of a victim of a scheme to defraud. A Second Superceding Indictment was returned on May 30, 2000, immediately before the start of trial. Leonardo Caballero testified at trial. Petitioner did not. On June 13, 2000, after an eleven-day jury trial, the jury found Petitioner and co-defendant Leonardo Caballero guilty on all counts. On August 27, 2000, Petitioner and Leonardo Caballero were sentenced. Petitioner was sentenced to 78 months imprisonment, followed by 36 months supervised release. Leonardo Caballero received 120 months imprisonment, followed by 36 months supervised release.

Petitioner filed a direct appeal and her sentence was affirmed on January 24, 2003. She filed the present Motion to Vacate, Set Aside her sentence under § 2255[2] on January 15, 2003. She contends that she was denied the right to effective assistance of counsel because (1) her trial counsel failed to move for severance when her co-defendant's admissions implicated her; (2) her trial counsel failed to seek a limiting instruction regarding her co-defendant's admissions; and (3) her appellate counsel did not argue on direct appeal that the trial court committed "plain error" by admitting evidence of her co-defendants confession without a limiting instruction.

---

[1] 2:99-CR-400 TS.

[2] 28 U.S.C. §2255.

Although Petitioner briefly lists that her trial counsel's failure to file a motion to suppress her co-defendant's statements as to her as an omission[3], she does not argue that not to do so was either objectively unreasonable nor prejudicial. Therefore, the Court will not address that alleged omission.

III. DISCUSSION

The Court makes the initial finding that Petitioner's § 2255 Motion was timely filed within the one-year limitations period set by 28 U.S.C. § 2255(1).

A. STANDARD OF REVIEW

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.[4]

> To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial.[5]

To successfully claim ineffective assistance, then, Petitioner must show two things: First, that her counsel functioned deficiently.[6] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[7] Second, he must show that counsel's deficient functioning prejudiced

---

[3]Pet.'s Mem at 2.

[4]*Strickland v. Washington*, 466 U.S. 668 (1984)

[5]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland*).

[6]466 U.S. at 687.

[7]*Id.*

Petitioner's defense.[8] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[9] Without both of these showings, Petitioner may not prevail in arguing that her conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[10]

B. PETITIONER'S CLAIMS

1. Alleged Errors of Trial Counsel

Petitioner argues that her trial counsel failed to object to the admission of an FBI agent's testimony of two statements made by co-defendant, Leonardo Caballero. She contends that her trial counsel should have objected to the testimony during trial or at the close of argument, that he should have sought a limiting instruction regarding the statements, and that he should have moved to sever her trial from that of her co-defendant.

The statements at issue were Leonardo Caballero's statements to the FBI Agent following execution of a search warrant. The Agent testified that Leonardo Caballero told him that he had paid between $100,000 and $200,000 to an INS agent named Frank "to assist him in documenting aliens."[11] The other statement is as follows:

> Q. . . . Did the issue of the legitimacy of the company come up during the conversation with Mr. Caballero?

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Trial Trans. at 54-5.

A. Yes. During the interview there was a question posed to him as to the percentages of what was legal and what was illegal, you know, in his business.

Q. And the response by Mr. Caballero?

A. The response was that 15 percent was legal and that 85 percent was illegal.[12]

Petitioner contends that this second statement refers to the Caballeros' business, Caballero, Inc., and the government contends that it refers only to Leonardo Caballero's own business.

a. Failure to Object

Petitioner contends that trial counsel was ineffective by not objecting to the admission of Leonardo Caballero's statements on the basis that they were hearsay and not admissible against her as a co-conspirator statement under Fed. R. Evid. 801(d)(2)(E). The government responds that its position is not that the statements were co-conspirator statements. Instead, its position is that the statements were not hearsay but were admissions of a party opponent within the meaning of Fed. R. Evid. 801(d)(2)(a).

Petitioner acknowledges that the statements were admissible against Leonardo Caballero as his own admissions. But she contends that the statements were prejudicial as to her because the government's theory at trial was to portray her as equally involved in the company's operations and, as a result, her husband's statements implicated her. She argues that because of this implication, admission of the statements deprived her of a fair trial.

[12] *Id.* at 53.

The Court finds that the statements were admissible against Leonardo Caballero under Rule 801(d)(2) as an admission by a party opponent, but not admissible against Petitioner. "Because [Leonardo Caballero] testified, admission of the out of court statement did not violate *Bruton*."[13] Because the statements were neither hearsay nor admitted in violation of *Bruton*, it was not error for Petitioner's counsel to not have objected to their admission during trial or at the close of final argument.

b. Limiting Instruction

Petitioner contends that it was prejudicial error for her trial counsel not to have sought and obtained precise and timely limiting instructions that Leonardo Caballero's statements were not admissible as to her. The government responds that appropriate limiting instructions were requested by trial counsel and given by the Court.

The Court finds that appropriate limiting instructions were requested by trial counsel and were given to the jury. Jury Instruction No. 26 was requested by Petitioner's counsel[14] and was given by the Court as follows:

> There has been evidence that defendant Leonardo Caballero made certain statements in which the government claims he admitted certain facts charged in the Second Superseding Indictment.
>
> In deciding what weight to give that defendant's statements or admissions, you should first examine with great care whether each statement or admission was made and whether, in fact, it was voluntarily and understandingly made.
>
> Evidence relating to any alleged statement or admission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered with caution and weighed

[13] *U.S. v. Sarracino*, 340 F.3d 1148, 1161 (10th Cir. 2003).

[14] *See* Docket No. 221, at 10.

with great care. All such alleged statements or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement or admission was made or done knowingly and voluntarily.

You may not in any way, however, consider the alleged statements or admissions of defendant Leonardo Caballero made outside of court and after the alleged crimes had been committed when evaluating the evidence against defendant Flor Caballero and in determining whether the government has proven the charge against Flor Caballero.[15]

Instruction No. 14 provided:

A separate crime is alleged against each of the defendants in each count of the Second Superseding Indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant or against any other defendant.

You must give separate and individual consideration to each charge against each defendant.

Instruction No. 15 provided:

It is your duty to give separate and personal consideration to the case of each individual defendant. When you do so, you should analyze what the evidence in the case shows with respect to that individual defendant, leaving out of consideration entirely any evidence admitted solely against some other defendant.

Each defendant is entitled to have his or her case determined from evidence as to his or her own acts, statements, and conduct and any other evidence in the case which may be applicable to him or her.

Instruction No. 27 provided:

Evidence has been received in this case that certain persons, who are alleged in Count 1 of the Second Superseding Indictment to be co-conspirators of defendant Flor Caballero and defendant Leonardo Caballero, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal(s).

---

[15]Emphasis added.

> Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count 1 of the Second Superseding Indictment against defendant Flor Caballero or against Leonardo Caballero.
>
> Since these acts may have been performed and these statements may have been made outside the presence of defendant Leonardo Caballero or defendant Flor Caballero and even done or said without his or her knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.
>
> Acts done or statements made by an alleged co-conspirator before a defendant joined a conspiracy may also be considered by you in determining whether the government has sustained its burden of proof on Count 1[16] of the Second Superseding Indictment. <u>Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed that act or made that statement</u>.[17]

In addition, the Court instructed the Jury as to Petitioner's right not to testify and that no inference was to be drawn from the fact that she did not do so.

Where the Jury was clearly and specifically instructed that it was not to consider evidence of Mr. Caballero's out of court statements in determining whether the government had proved the charge against Petitioner, the Court finds no ineffective assistance of counsel in connection with admission of the statements. Trial counsel requested the limiting instruction, the Court gave the limiting instruction, the instruction cured any possible prejudice and, therefore, Petitioner has not established either prong of *Strickland*.

---

[16]Count I was the conspiracy count.

[17]Emphasis added.

c. Severance

Petitioner contends that it was prejudicial error for her trial counsel not to have requested severance because prejudice is shown where Leonardo Caballero's statements were admitted without limiting instruction. She contends that the evidence was that she was less culpable but, because there was not a prompt limiting instruction, the jury was not able to deliver a reliable verdict as to the times of her participation in the conspiracy or to compartmentalize the evidence against her. In support of this argument she points to the fact that the jury found both Defendants guilty on all counts submitted to them as evidence that the jury was so unable to sort out the evidence as to each defendant that the jury verdict was unreliable.

> A severance should be granted when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." This may occur when the government presents evidence, as it did here, which is "probative of a defendant's guilt but technically admissible only against a co-defendant." However, severance is not required even if prejudice is shown; "tailoring of the relief to be granted, if any, [is left] to the district court's sound discretion." Serious risk of prejudice, from the jury considering evidence against a defendant which is only admissible against a co-defendant and would not be admitted against the defendant in a separate trial, is increased when many defendants are tried together "in a complex case and they have markedly different degrees of culpability. . .."[18]

In the present case as in *Sarracino*, "the case is not complex and the defendants do not have markedly different degrees of culpability" and the Court assesses Petitioner's severance arguments with that in mind.

---

[18] *Sarracino*, 340 F.3d at 1165 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

The Court is mindful of the "preference in the federal system for joint trials of defendants who are indicted together"[19] and of the vital role such joint trials play in the criminal justice system.

Petitioner contends that she was less culpable and that she was not involved in the business of Caballero, Inc. for the entire time alleged in the Second Superceding Indictment and, therefore, any verdict of guilty must have been caused by the prejudicial effect of the admission of the statements.

The Court finds that this argument on the relative culpability of the defendants is simply a re-argument of Petitioner's theory of defense at trial, namely that she was not aware of any wrongdoing. The fact that the jury found Petitioner to be culpable does not mean that the jury could not sort out the evidence between the two defendants in this relatively simple case. There was sufficient evidence presented by the government from which the jury could have found Petitioner to be guilty on the counts submitted. Further, at the close of the government's case, the Court granted Defendants' Motion for Acquittal on several counts,[20] thereby simplifying the matters eventually submitted to the jury.

As determined above, there were appropriate limiting instructions for consideration of Leonardo Caballero's statements. Further, the Court finds on the record as a whole,

---

[19] *Zafiro*, 506 U.S. at 540-41.

[20] *See* Trans. at 1135-36.

that the statements which were not admissible as to Petitioner were not so prejudicial to her as to have warranted severance.[21]

Finally, the Court finds that any prejudice from admission of the statements was cured by the specific limiting instructions. Among other limiting instructions, the Court specifically instructed the jury to consider the evidence separately as to each defendant.[22] The Court presumes that the jury followed those instructions.[23] Where the evidence was not so complex that it could have been difficult to consider the evidence separately, the fact of a guilty verdict on all counts submitted to the jury as to both defendants does not, on the record in this case, show that the admission of the statements rendered the verdict unreliable.

In conclusion, it was not error for trial counsel not to have sought severance in this case because grounds for severance have not been shown on the record.

2. Alleged Errors of Appellate Counsel

Petitioner alleges that her appellate counsel was ineffective because he failed to raise the "dead bang winner"[24] of the Court's alleged plain error in admitting Leonardo Caballero's confession into evidence.

---

[21] *See* discussion below on Leonardo Caballero's subsequent testimony explaining the statements.

[22] Jury Instruction No. 15, *supra*.

[23] *Battenfield v. Gibson*, 236 F.3d 1215, 1225 (10th Cir. 2001)).

[24] Pet.'s Br. at 22 (quoting *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995).

Claims of ineffective assistance of counsel on direct appeal are considered under the same *Strickland* standard applicable to claims of ineffective assistance of trial counsel.[25]

> When a habeas petitioner alleges that his counsel was ineffective for failing to raise an issue on appeal, we examine the merits of the omitted issue. Failure to raise an issue that is without merit "does not constitute constitutionally ineffective assistance of counsel," because the Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. Thus, counsel frequently will "winnow out" weaker claims in order to focus effectively on those more likely to prevail. However, "an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal.[26]

A "'dead-bang winner' . . . is an issue which is obvious from the trial record and one which probably should have resulted in a reversal on appeal."[27]

Because the Court has found that Petitioner has failed to meet the *Strickland* standard as to trial counsel, her ineffective assistance of trial counsel claim is meritless. Accordingly, her appellate counsel was not ineffective for failing to press the issue on appeal.

Petitioner contends that the failure of the Court to have *sua sponte* given an instruction at the time the statements were admitted is plain error that her appellate counsel should have raised.

---

[25] *U.S. v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

[26] *Banks*, 54 F.3d at 1515 (internal quotations and citations omitted).

[27] *Id.* at 1515 n.13 citing *U.S. v. Cook,* 45 F.3d 388, 394-5 (10th Cir. 1995).

> Before an appellant in a criminal case is entitled to relief under the plain error doctrine, he must clear several hurdles. We have described these as follows: [T]he error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights, in other words, in most cases the error must be prejudicial, *i.e.*, it must have affected the outcome of the trial. . . . Given plain error that affects substantial rights, an appellate court should exercise its discretion and notice such error where it either (a) results in the conviction of one actually innocent, or (b) "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[28]

In the context of the record as a whole, the Court finds that the fact that there was not a *sua sponte* limiting instruction at the time of the statements did not affect the outcome of the trial. Subsequent to the admission of the statements, Leonardo Caballero testified that (1) he had withheld the true nature of the business from Petitioner; (2) that when he was made the statements at issue that he did not understand that the FBI agent was in any way referring to Petitioner; (3) that the 85% statement referred to 85% of the files he received as result of the activities of the business associate whom he blamed for creating the illegal scheme; and (4) that his statement that he had paid an immigration official was simply untrue when he made it.[29]

The Court finds that on the record as a whole, where the jury received appropriate limiting instructions prior to deliberation, the admission of Leonardo Caballero's statements without *sua sponte* giving immediate limiting instructions did not affect the outcome of the trial, nor did it seriously affect the fairness, integrity or public reputation of judicial

---

[28] *Sarracino*, 340 F.3d at 1166 (quoting *U.S. v. Keeling*, 235 F.3d 533, 538 (10th Cir. 2000)).

[29] Trans. at 1344-46.

proceedings. Accordingly, Petitioner has not shown that her appellate counsel's failure to raise the issue was plain error or constitutionally deficient.

V. CONCLUSION ON 2255 PETITION

The Court finds that, with regard to all alleged grounds, neither trial counsel's nor appellate counsel's performance fell "below an objective standard of reasonableness" and that the alleged failures were not prejudicial, as there is no "probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[30]

IV. MOTION FOR CREDIT FOR TIME ON BOND

In addition to seeking to set aside her sentence under § 2255, Petitioner filed a Motion to Be Granted Credit for Time on Bond as "In Custody" Time.[31] The government opposes[32] the Motion for the reason that such relief must be initially calculated by the Attorney General and therefore Petitioner has not exhausted her administrative remedies seeking such relief.

Petitioner must seek such relief initially from the Attorney General.[33] Accordingly, the Court will deny the Motion, without prejudice, for the failure to exhaust administrative remedies.

Based upon the above, it is hereby

---

[30] *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (citing *Strickland*).

[31] Docket No. 3.

[32] The government's opposition to the Motion is filed as Docket No. 327 in the underlying criminal case, Case No. 2:99-CR-400 TS.

[33] *U.S. v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

ORDERED that Petitioner's § 2255 Motion (Docket No. 1) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that Petitioner's Motion to Be Granted for Time on Bond as "In Custody" Time (Docket No. 3) is DENIED WITHOUT PREJUDICE.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 5th day of January, 2006.

BY THE COURT:

TED STEWART
United States District Judge